### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MULLINS' WHEY, INC. | |
| plaintiff, | Case No. 3:26-cv-484 |
| v. | |
| WINDY CITY CHOCOLATE, LLC | Removed from the Circuit Court of Marathon County, Wisconsin |
| defendant. | Case No. 2026CV000350 |

### NOTICE OF REMOVAL OF CIVIL ACTION TO U.S. DISTRICT COURT

To:    The Clerk of the U.S. District Court for the Western District of Wisconsin
and to Plaintiff, Mullins Whey, Inc.

PLEASE TAKE NOTICE that in accordance with 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446(c), Defendant Windy City Chocolate, LLC (hereinafter "WCC"), invokes this Court's jurisdiction and removes the state court action titled Mullins' Whey, Inc. v. Windy City Chocolate, LLC, which was commenced in the Circuit Court of Marathon County, Wisconsin, case number 2026CV000350. WCC states that removal is proper for the following reasons:

1.    On May 8, 20206, Mullins' Whey, Inc. ("Mullins") filed their "Complaint for Declaratory Judgment and Supplemental Relief" (hereinafter referred to as the "State Court Action") in the Circuit Court of Marathon County, Wisconsin. A copy of Mullins' State Court Action is attached hereto as Exhibit A.

2.    WCC was served with the State Court Action on May 20, 2026.

3.    The Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b) in that it has been filed within thirty days of WCC being served.

4.  Removal is proper because this Court has subject matter jurisdiction because there is complete diversity between Mullins and WCC, the only parties to the case, and the amount in controversy exceeds $75,000.00, excluding interests and costs. 28 U.S.C. §1332(a). Therefore, this matter could have originally been filed in the Court and is now properly removed to this Court.

5.  Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is a citizen of the state under whose laws it is organized or incorporated, and the state where it has its principal place of business. A limited liability company is a citizen of every state in which each of its members is a citizen. *Wise v. Wachovia Sec.*, LLC, 450 F.3d 265, 267 (7th Cir. 2006). An individual is a citizen of the state in which he or she is domiciled. *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021), cert. denied, 142 S. Ct. 776 (2022).

6.  Mullins has alleged in paragraph 6 of the State Court Action that it is a Wisconsin corporation with its principal place of business at 204000 County Road DB, Mosinee, Wisconsin 54455. Ex. A, ¶ 6. Accordingly, Mullins is a citizen of the State of Wisconsin for purposes of 28 U.S.C. § 1332.

7.  Mullins has correctly alleged in paragraph 7 of the State Court Action that WCC is an Illinois limited liability company with an address at 1193 N. Ellsworth Ave., Villa Park, Illinois 60181. Ex. A, ¶ 7. WCC is a single-member LLC, and its member is an individual who is domiciled in Illinois and therefore a citizen of Illinois for purposes of 28 U.S.C. § 1332.

8.  As Mullins is a citizen of Wisconsin and WCC is a citizen of Illinois, complete diversity exists.

9.  It is well established that in actions for declaratory or injunctive relief, the amount in controversy is established by the value of the object of the litigation. *Warren Loveland, LLC v. Keycorp Inv. L.P. IV*, No. 05-C-162-C, 2005 WL 1427707, at *2 (W.D. Wis. June 17, 2005) (citing

*Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 347 (1977)). The Seventh Circuit measures the "object of the litigation" from either perspective: "(1) what plaintiff stands to gain; or (2) what it would cost defendant to meet plaintiff's demand." *Piper Jaffray & Co. v. Severini*, 443 F. Supp. 2d 1016, 1020 (W.D. Wis. 2006). "As specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81 (2014).

10.    As set forth in Mullins' complaint, the State Court Action arises out of "WCC's allegations concerning whey protein concentrate sold by Mullins to WCC which WCC allegedly used in confectionary coating products." Ex. A, ¶ 1. As alleged by Mullins, "WCC has issued written notices of alleged breach and revocation of acceptance, demanded recovery from Mullins, and threatened litigation." Ex. A, ¶ 4; Mullins also admits that WCC is seeking monetary damages related to its losses. Ex. A, ¶ 30 ("WCC has also prepared and threatened to file litigation against Mullins alleging breach of express warranty, breach of implied warranty of fitness for a particular purpose, breach of contract, and express indemnification. WCC contends that Mullins is responsible for WCC's alleged losses and for alleged downstream losses asserted by WCC's customer and downstream customer").

11.    The State Court Action omits that, two days before Mullins filed the State Court Action, WCC had made a written, pre-suit demand well in excess of $75,000 and had expressly informed Mullins that it would be seeking damages in excess of $1,000,000 if required to file suit. In fact, suit was filed by WCC against Mullins in the Northern District of Illinois on May 21, 2026 (the "Illinois Action"). A copy of the complaint in the Illinois Action is attached hereto as Exhibit

B. That lawsuit seeks damages in excess of $1,000,000.[1] Accordingly, the amount in controversy based on the "object of the litigation" is well in excess of $75,000.00, and therefore the amount in controversy requirement of diversity jurisdiction is satisfied.

12. This action is being removed to the district court of the United States in the district and division embracing where such action is pending, pursuant to 28 U.S.C. § 1441(a). The United States District Court for the Western District of Wisconsin embraces Marathon County, Wisconsin. 28 U.S.C. § 130.

13. All rights of WCC are reserved, including defenses and objections as to venue and personal jurisdiction and the right to move for dismissal of the complaint, e.g., for failure to state a claim, compel arbitration, etc.

14. As required by 28 U.S.C. §1446(a), attached hereto as Exhibit A is a true and correct copy of the complaint filed in this action in the Circuit Court of Marathon County in the State of Wisconsin, and attached hereto as Exhibit C are all other pleadings, process, orders, and other filings filed in the State Court Action.

15. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal will be served on counsel of record in the State Court Action and filed with the Clerk of the Circuit Court of Marathon County.

WHEREFORE, pursuant to 28 U.S.C. §§ 1441 Defendant Windy City Chocolate, LLC gives notice that the State Court Action is hereby removed from the Circuit Court of Marathon County, Wisconsin, and request that further proceedings be conducted in this Court as provided

---

[1] Once removed, it is WCC's intent to file a motion to dismiss this case based on the Seventh Circuit's ruling in *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746 (7th Cir. 1987).

by law and that no further proceedings in this matter be had in the Circuit Court of Marathon County, Wisconsin.

Respectfully submitted,

WINDY CITY CHOCOLATE, LLC, an Illinois limited liability company

By: /s/ Jerome R. Weitzel
          One of its attorneys

Jerome R. Weitzel (WI State Bar No. 1103525)
jweitzel@kwmlawyers.com
KOZACKY WEITZEL MCGRATH, P.C.
342 N. Water Street, Ste. 600
Milwaukee, WI 53202

## CERTIFICATE OF SERVICE

I, the undersigned attorney, certify that I caused a copy of Windy City Chocolate, LLC's Notice of Removal of Civil Action to U.S. District Court, to be served upon the parties listed below, via electronically filing with the Clerk of the Court using CM/ECF system and via e-mail, before the hour of 5:00 p.m. on May 26, 2026.

David H. Weber
dhw@cojlaw.com
Law Firm of Conway, Olejniczak & Jerry S.C.
231 South Adams St.
P.O. Box 23200
Green Bay, WI 54305
T: 920-437-0476

/s/ Jerome R. Weitzel

6