IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MULLINS' WHEY, INC.,

Plaintiff,

v.

WINDY CITY CHOCOLATE, LLC,

Defendant.

OPINION and ORDER

26-cv-484-jdp

---

The court ordered plaintiff Mullins' Whey, Inc. to show cause why this case should not be dismissed as redundant to the related case pending in the Northern District of Illinois, No. 26-cv-6004. Dkt. 7. Plaintiff's sole reason for why this case should not be dismissed is that the court should wait to resolve the issue until defendant Windy City Chocolate, LLC, moves to dismiss or transfer the case. Dkt. 8, at 2. That is unnecessary.

Federal district courts have the inherent power to administer their dockets to conserve judicial resources and may dismiss a case when it is redundant of a parallel action pending in another federal court. *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995); *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). When, as here, the parallel actions are a declaratory judgment action and a mirror-image action seeking coercive relief, courts generally give priority to the coercive action, regardless of which case was filed first. *Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 980 (7th Cir. 2010).

In addition to their inherent power over judicial administration, district courts have discretion to decline to hear declaratory judgment actions, even though those actions are within their jurisdiction. *See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942); *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). The pendency of a mirror-image action in another

federal court generally weighs in favor of dismissing the declaratory judgment action. *See Tamari v. Bache & Co. (Leb.) S.A.L.*, 565 F.2d 1194, 1203 (7th Cir. 1997).

The district court and court of appeals' decisions in *Tempco Electric Heater Corp. v. Omega Engineering, Inc.* are instructive here. In that case, the plaintiff filed a declaratory judgment action for noninfringement of the defendant's trademark after it received a demand letter from the defendant notifying the plaintiff of its intent to file a trademark infringement suit. Four days after the plaintiff filed suit, the defendant trademark owner brought an infringement action in a different federal court. The district court dismissed the plaintiff's declaratory judgment action, reasoning that the parallel actions involved the same basic issues of fact and law and the plaintiff's suit "was filed in anticipation of the imminent nature of defendant's trademark action." No. 85-C-4369, 1985 WL 3515, at *2 (N.D. Ill. Nov. 1, 1985). The court of appeals upheld the district court's dismissal. 819 F.2d 746, 747 (7th Cir. 1987). The court of appeals reasoned that the district court properly dismissed the declaratory judgment action because the defendant's right to a coercive remedy had accrued, and the defendant had promptly filed suit to enforce its trademark infringement claim; in that scenario, a declaratory judgment would serve no useful purpose. *See id.*

This case is materially similar to *Tempco Electric Heater Corp.* In its amended complaint, Mullins' Whey admits that, on May 6, 2026, Windy City Chocolate sent Mullins' Whey a demand letter and a draft complaint, threatening to file a lawsuit in the Northern District of Illinois. Dkt. 5, ¶ 54. Mullins' Whey filed this declaratory judgment action in state court on May 8, 2026. Dkt. 1, ¶ 1 (notice of removal). Although Windy City Chocolate did not file its lawsuit in the Northern District of Illinois until May 21, 2026, *id.*, ¶ 11, what matters is that Windy City Chocolate's right to a coercive remedy had accrued *before* Mullins' Whey filed suit,

and it promptly filed suit to enforce its claims against Mullins' Whey. As Mullins' Whey concedes, this declaratory judgment action "arise[s] from the same commercial dispute" as the Northern District of Illinois case—it involves the same facts, parties, and issues. Dkt. 8, at 1.

A declaratory judgment in this case would serve no useful purpose, so the court will decline to hear it. This case will be dismissed.

## ORDER

IT IS ORDERED that: the court declines to exercise jurisdiction over plaintiff's request for declaratory judgment and this case is DISMISSED.

Entered June 5, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

3